RECEIVED
FEBRUARY 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 952

JUDGE GETTLEMAN
MAGISTRATE JUDGE DENLOW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT VANSTEPHENS, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| CHOICEPOINT WORKPLACE ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

This lawsuit is brought to redress violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, that have caused Plaintiff, Herbert VanStephens, to suffer lost wages and substantial emotional distress.

### Parties

1. Plaintiff, Herbert VanStephens, is a resident of the Northern District of Illinois.

2. Defendant, ChoicePoint Workplace Solutions, Inc. ("ChoicePoint"), is a corporation headquartered near Atlanta, Georgia and is a consumer reporting agency as defined by 15 U.S.C. § 1681a.

### Jurisdiction

3. The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

4. Venue is proper in the Northern District of Illinois because the claim arose in that judicial district. *See* 28 U.S.C. § 1391(b).

### Jury Demand

5. Mr. VanStephens demands a trial by jury on each and every claim to which he is so

entitled.

## Factual Allegations

6. In February 2007, Plaintiff, Herbert VanStephens, applied for a job as a store manager at After Hours Formalwear, located at 1201 N. Wells, Chicago, Illinois, 60610. On March 3, 2007, an After Hours district manager interviewed Mr. VanStephens for the position and subsequently offered him the job, conditioned on the results of a criminal background check.

7. In April 2007, After Hours hired Defendant, ChoicePoint, to perform a criminal background check on Mr. VanStephens.

8. In April 2007, Defendant performed a criminal background check on Mr. VanStephens and submitted the results to After Hours. Defendant's criminal background check report (a consumer report as defined by 15 U.S.C. § 1681a) indicated that in December 2002, a Cook County judge sentenced Mr. VanStephens to court supervision on a criminal charge of felony theft.

9. The background check report that Defendant provided After Hours was not accurate for at least two reasons. First, in 2002, Mr. VanStephens was sentenced to court supervision for a misdemeanor criminal charge, not a felony charge. Additionally, Mr. VanStephens's criminal records were expunged from the Cook County Criminal Court database in September 2006.

10. On information and belief, in March 2007, the Office of the Cook County Clerk of the Circuit Court ("Clerk") distributed to Defendant an accurate and up-to-date electronic copy of its criminal record database, which did not include a record of Mr. VanStephens's

2002 misdemeanor conviction.

11. Soon after receiving Defendant's background check report, After Hours decided not to hire Mr. VanStephens. It mailed Mr. VanStephens a letter, dated April 10, 2007, stating that it could not to hire him "in whole or in part" because of Defendant's background check report. *See* Plaintiff's Ex. A.

12. In April 2007, Mr. VanStephens contacted Defendant by telephone and disputed the accuracy of the background check report that it sent to After Hours. Specifically, Mr. VanStephens informed Defendant that his 2002 misdemeanor charge had been expunged by court order.

13. After Mr. VanStephens contacted Defendant in April 2007, Defendant did not conduct a reasonable reinvestigation to determine whether the information that it provided After Hours was accurate. In fact, ChoicePoint did not clear the expunged record from its database until August 2007, more than thirty days after it was notified of the inaccuracy.

14. By the time ChoicePoint fixed its records in August 2007, After Hours was no longer hiring for the position to which Mr. VanStephens applied.

15. Defendant willfully or, in the alternative, negligently failed to establish and follow reasonable procedures to assure maximum possible accuracy of the information that it reported to After Hours. *See* 15 U.S.C. § 1681e(b). Among other things, Defendant should have established and followed procedures to ensure that when employers requested Cook County criminal record information, Defendant reviewed and verified that it was distributing the most accurate information possible regarding the individual(s) in question.

16. Defendant willfuly, or, in the alternative, negligently failed to conduct a reasonable investigation, within thirty days of Mr. VanStephens's April 2007 phone call, to determine whether it had reported inaccurate information to After Hours. See 15 U.S.C. § 1681i(a).

17. As a result of Defendant's willful or, in the alternative, negligent violations of 15 U.S.C. § 1681e(b) and § 1681i(a), Mr. VanStephens has suffered lost wages and emotional distress. *See* 15 U.S.C. § 1681n & o.

## **Prayer for Relief**

**WHEREFORE,** Plaintiff prays that this Court enter judgment in his favor and against Defendant and award him:

- A. Monetary damages to compensate him for his lost wages and emotional distress;
- B. Punitive damages to deter such willful conduct in the future;
- C. His court costs and the attorneys' fees incurred by his attorneys employed by the Sargent Shriver National Center on Poverty Law;
- D. Any other relief this Court deems just.

                                                                                                                s/ Marie Claire Tran
                                                                                              One of the Plaintiff's Attorneys

Christopher Wilmes
Legal Assistance Foundation of Metropolitan Chicago
111 W. Jackson Blvd. Third Floor
Chicago, IL 60604
(312) 347-8371
Attorney No. 6287688

Timothy Huizenga
Legal Assistance Foundation of Metropolitan Chicago
111 W. Jackson Blvd. Third Floor
Chicago, IL 60604
(312) 347-8377
Attorney No.3125127

Marie Claire Tran
Sargent Shriver National Center on Poverty Law
50 E. Washington St., Suite 500
Chicago, IL 60602
(312) 263-3830
Attorney No. 6293967