IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT VANSTEPHENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 C 952 |
| CHOICEPOINT WORKPLACE SOLUTIONS, INC., | ) Judge Gettleman |
| | ) Magistrate Judge Denlow |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Choicepoint Workplace Solutions Inc. ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, for its answer to Plaintiff's Complaint, states as follows:

### Parties

**COMPLAINT ¶1:**

Plaintiff, Herbert VanStephens, is a resident of the Northern District of Illinois.

**ANSWER:**

Upon information and belief, ChoicePoint admits the allegations in Complaint Paragraph 1.

**COMPLAINT ¶2:**

Defendant, ChoicePoint Workplace Solutions, Inc. ("ChoicePoint"), is a corporation headquartered near Atlanta, Georgia and is a consumer reporting agency as defined by 15 U.S.C. § 1681a.

**ANSWER:**

Defendant admits the allegations in Complaint Paragraph 2.

## Jurisdiction

**COMPLAINT ¶3:**

The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

**ANSWER:**

Defendant admits the allegations in Complaint Paragraph 3.

**COMPLAINT ¶4:**

Venue is proper in the Northern District of Illinois because the claim arose in that judicial district. *See* 28 U.S.C. § 1391(b).

**ANSWER:**

Defendant admits the allegations in Complaint Paragraph 4.

## Jury Demand

**COMPLAINT ¶5:**

Mr. VanStephens demands a trial by jury on each and every claim to which he is so entitled.

**ANSWER:**

Defendant admits that Plaintiff demands a trial by jury.

## Factual Allegations

**COMPLAINT ¶6:**

In February 2007, Plaintiff, Herbert VanStephens, applied for a job as a store manager at After Hours Formalwear, located at 1201 N. Wells, Chicago, Illinois, 60610. On March 3, 2007, an After Hours district manager interviewed Mr. VanStephens for the position and subsequently offered him the job, conditioned on the results of a criminal background check.

**ANSWER:**

Defendant is without sufficient knowledge or information to form a belief as to the truth

of the allegations in Complaint Paragraph 6.

-2-

**COMPLAINT ¶7:**

In April 2007, After Hours hired Defendant, ChoicePoint, to perform a criminal background check on Mr. VanStephens.

**ANSWER:**

Defendant admits the allegations in Complaint Paragraph 7.

**COMPLAINT ¶8:**

In April 2007, Defendant performed a criminal background check on Mr. VanStephens and submitted the results to After Hours. Defendant's criminal background check report (a consumer report as defined by 15 U.S.C. § 1681a) indicated that in December 2002, a Cook County judge sentenced Mr. VanStephens to court supervision on a criminal charge of felony theft.

**ANSWER:**

Defendant admits that it performed a national criminal database search on Mr. VanStephens and made the results of that search available to After Hours. Defendant further admits that the background report is a consumer report as defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. that included information that in December 2002, Plaintiff received a sentence of supervision and restitution on a felony theft charge. Defendant denies the remaining allegations in Complaint Paragraph 8.

**COMPLAINT ¶9:**

The background check report that Defendant provided After Hours was not accurate for at least two reasons. First, in 2002, Mr. VanStephens was sentenced to court supervision for a misdemeanor criminal charge, not a felony charge. Additionally, Mr. VanStephens's criminal records were expunged from the Cook County Criminal Court database in September 2006.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph 9.

**COMPLAINT ¶10:**

On information and belief, in March 2007, the Office of the Cook County Clerk of the Circuit Court ("Clerk") distributed to Defendant an accurate and up-to-date electronic copy of its criminal record database, which did not include a record of Mr. VanStephens's 2002 misdemeanor conviction.

**ANSWER:**

Defendant admits that the it received bulk records from the Cook County Clerk of the Circuit Court's Office and that the consumer report it generated about Plaintiff was derived solely from the Cook County Circuit Court records. Defendant denies the remaining allegations of Complaint Paragraph 10.

**COMPLAINT ¶11:**

Soon after receiving Defendant's background check report, After Hours decided not to hire Mr. VanStephens. It mailed Mr. VanStephens a letter, dated April 10, 2007, stating that it could not to [sic] hire him "in whole or in part" because of Defendant's background check report. *See* Plaintiff's Ex. A.

**ANSWER:**

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Complaint Paragraph 11.

**COMPLAINT ¶12:**

In April 2007, Mr. VanStephens contacted Defendant by telephone and disputed the accuracy of the background check report that it sent to After Hours. Specifically, Mr. VanStephens informed Defendant that his 2002 misdemeanor charge had been expunged by court order.

**ANSWER:**

Defendant admits that in August 2007 Defendant contacted ChoicePoint by telephone to dispute his report that was sent to After hours and informed ChoicePoint that his records had been expunged. Defendant denies the remaining allegations in Complaint Paragraph 12.

**COMPLAINT ¶13:**

After Mr. VanStephens contacted Defendant in April 2007, Defendant did not conduct a reasonable reinvestigation to determine whether the information that it provided After Hours was accurate. In fact, ChoicePoint did not clear the expunged record from its database until August 2007, more than thirty days after it was notified of the inaccuracy.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph 13.

CH1 11439763.1

**COMPLAINT ¶14:**

By the time ChoicePoint fixed its records in August 2007, After Hours was no longer hiring for the position to which Mr. VanStephens applied.

**ANSWER:**

Defendant admits that within 30 days after receiving notification of Plaintiff's dispute, it conducted a reinvestigation of the information in Plaintiff's report to After Hours and issued a revised report to After Hours and Plaintiff. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Complaint Paragraph 14.

**COMPLAINT ¶15:**

Defendant willfully or, in the alternative, negligently failed to establish and follow reasonable procedures to assure maximum possible accuracy of the information that it reported to After Hours.  *See* 15 U.S.C. § 1681e(b).  Among other things, Defendant should have established and followed procedures to ensure that when employers requested Cook County criminal record information, Defendant reviewed and verified that it was distributing the most accurate information possible regarding the individual(s) in question.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph 15.

**COMPLAINT ¶16:**

Defendant willfuly, [sic] or, in the alternative, negligently failed to conduct a reasonable investigation, within thirty days of Mr. VanStephens's April 2007 phone call, to determine whether it had reported inaccurate information to After Hours.  See 15 U.S.C. § 1681i(a).

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph 16.

**COMPLAINT ¶17:**

As a result of Defendant's willful or, in the alternative, negligent violations of 15 U.S.C. § 1681e(b) and § 1681i(a), Mr. VanStephens has suffered lost wages and emotional distress.  *See* 15 U.S.C. § 1681n & o.

CH1 11439763.1

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph 17.

**AFFIRMATIVE AND OTHER DEFENSES**

1.    Punitive damages are not recoverable because ChoicePoint engaged in good faith efforts to comply with the Fair Credit Reporting Act.

2.    The information distributed by ChoicePoint was true, or, in the alternative, ChoicePoint reasonably relied on the information reported to it regarding Plaintiff.

3.    To the extent Plaintiff has failed to mitigate his damages, they should be reduced or eliminated.

4.    ChoicePoint had reasonable procedures in place and otherwise made good faith efforts to comply with the Fair Credit Reporting Act.

**DATED: March 31, 2008**　　　　　　　　　Respectfully submitted,

CHOICEPOINT WORKPLACE SOLUTIONS INC.

By _____
s/One of Its Attorneys

Richard B. Lapp
Pamela Q. Devata
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## CERTIFICATE OF SERVICE

Pamela Q. Devata, an attorney, certifies that she caused a true and correct copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT to be served upon:

> Marie Claire Tran, Esq.
> Christopher Wilmes, Esq.
> Legal Assistance Foundation of Metropolitan Chicago
> 111 W. Jackson Blvd.
> Third Floor
> Chicago, IL  60604

Via ECF filing procedures on March 31, 2008.

s/Pamela Quigley Devata