IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERBERT VANSTEPHENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHOICEPOINT WORKPLACE )<br>SOLUTIONS, INC., )<br>)<br>Defendant. )<br>) | NO. 08-CV-00952<br><br>Judge Robert Gettleman |

## JOINT STATUS REPORT

A. The parties have filed this joint status report in anticipation of the July 23, 2008 initial status hearing at 9:00 a.m. in the above-captioned matter.

B. The attorneys of record for the Plaintiff are as follows:

1. Christopher Wilmes, Legal Assistance Foundation of Metro. Chicago*

2. Timothy Huizenga, Legal Assistance Foundation of Metro. Chicago*

3. Marie Claire Tran, Sargent Shriver National Center on Poverty Law*

The attorneys of record for the Defendant are as follows:

1. Pamela Quigley Devata, Seyfarth Shaw*

2. Richard Burk Lapp, Seyfarth Shaw*

\* Will try the case, if necessary

C. The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

D. The Plaintiff has requested a jury.

E. The Plaintiff alleges that he lost a job opportunity with After Hours Formalwear because the Defendant reported expunged criminal record information to After Hours, in violation

of the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681e(b). Plaintiff contends that Defendant reported the expunged criminal record information because it did not maintain reasonable procedures to assure maximum possible accuracy of the information contained in its reports. *Id.* Plaintiff further alleges that he disputed the accuracy of Defendant's report after learning about the report and that Defendant took more than thirty days to correct the report. *See* 15 U.S.C. § 1681i(a). Defendant responds that it maintains reasonable procedures to assure maximum possible accuracy of the information contained in its criminal background check reports and that it reinvestigated and resolved Plaintiff's dispute within thirty days as required by statute. Defendant alleges no counterclaims.

F. Plaintiff seeks lost wages and emotional distress damages as well as punitive damages. Plaintiff bases his claim for lost wages on a job offer – conditioned on his passing a background check – from After Hours Formalwear. The job would have commenced in March or April 2007 and would have paid Plaintiff $50,000 per year.

G. All parties have been served.

H. The principal legal issues are whether the Defendant maintained reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report that it submitted to After Hours. *See* 15 U.S.C. § 1681e(b); *Obabueki v. Int'l. Bus. Machines, Corp.*, 145 F. Supp. 2d 371, 399 (S.D.N.Y. 2001); and whether Plaintiff reasonably mitigated any damages such that he is barred from recovery.

I. At this point in the litigation, the parties are still developing the facts of the case. The parties contest factual issues such as when Plaintiff initially disputed the accuracy of ChoicePoint's consumer report. Plaintiff contends that he disputed the accuracy of the

consumer report in April 2007, and Defendant contends that Plaintiff did not dispute the accuracy of the report – at the very earliest – until August 2007.

J. Defendant anticipates filing a motion for summary judgment. Plaintiff anticipates filing a motion for leave to file an amended complaint.

K. The parties have exchanged initial Rule 26(a)(1) disclosures and have held a Rule 26(f) meeting to discuss the scope and timing of discovery. The parties are in the process of propounding interrogatories and document requests and anticipate conducting between five and ten depositions. Plaintiff has also propounded a subpoena to the Clerk of the Circuit Court of Cook County. The parties propose a discovery cutoff date of February 15, 2009, with initial expert designations and reports due on December 15, 2008 and rebuttal information due on January 15, 2009. Plaintiff anticipates asking that the Court issue a protective order preventing the parties from revealing the full names of individuals (other than the Plaintiff) whose criminal records have been expunged or sealed. To protect these individuals' privacy and the confidentiality of their criminal records, and with the court's permission, the parties will refer to these individuals only by first and last initial.

L. The parties will be ready for trial once the Court rules on Defendant's motion for summary judgment. If Defendant files its motion by March 15, 2009, Plaintiff will file its response by April 15, 2009, and Defendant will file its reply by April 30, 2009. If the Court rules on Defendant's motion by July 2009, the parties will be ready for trial in mid-August, 2009.

M. The parties have exchanged settlement proposals, but have not resolved the case. The parties have discussed alternative dispute resolution and are willing to participate in a settlement conference before a magistrate judge.

N. The parties do not consent to a trial before the magistrate judge.

s/ Christopher Wilmes<br>One of the Plaintiff's Attorneys

Christopher Wilmes
Legal Assistance Foundation of Metropolitan Chicago
111 W. Jackson Blvd. Third Floor
Chicago, IL 60604
(312) 347-8371
Attorney No. 6287688

Timothy Huizenga
Legal Assistance Foundation of Metropolitan Chicago
111 W. Jackson Blvd. Third Floor
Chicago, IL 60604
(312) 347-8377
Attorney No.3125127

Marie Claire Tran
Sargent Shriver National Center on Poverty Law
50 E. Washington St., Suite 500
Chicago, IL 60602
(312) 263-3830
Attorney No. 6293967

s/ Pamela Q. Devata<br>One of the Defendant's Attorneys

Richard B. Lapp
Pameal Q. Devata
SEYFARTH SHAW LLP
131 S. Dearborn Street
Suite 2400
Chicago, IL 60603
312-460-5000